ALLISON LEWIS, *Plaintiff in Error*,

*vs.*

SAMUEL SERCOMB, *Defendant in Error*.

ERROR TO MILWAUKEE COUNTY COURT.

The County Courts have no jurisdiction of the garnishee process, or "attach-
ment clause" in an execution. Such process can only issue upon judgments
rendered in the Circuit Courts, and be issued out of those courts.

The defendant in error (plaintiff below) recovered
a judgment in the County Court of Milwaukee county,
January 8, 1851, against Samuel Blanchard and Eli-
phalet Baker, for $128.38 damages, besides costs. On
the 22d day of May, 1852, execution was issued there-
on with garnishee clause. The sheriff returned that,
by virtue of such execution, he had attached, on the
28th day of May, 1852, in the hands of Allison Lewis,
all property, real and personal, goods and chattels,
moneys, choses in action, and equitable interests in
the same, belonging to the defendants in execution,
and had notified said Lewis to appear and answer, &c.

Lewis answered as garnishee, that he was not, at
the time of the service of garnishee process on him,
indebted to Blanchard and Baker, or either, but that
he then had in his possession two promissory notes
and mortgages, given to secure the payment of the
notes which he held as collateral security for moneys
advanced by him to Blanchard. One of the notes was
for $62.50, made by William Duffield, dated August
11, 1850, payable two years after its date to Blanchard
or order, and by him endorsed in blank. The other
note was dated August 11, 1850, made by R. G. Riley,

payable two years after date to Blanchard or bearer.

The mortgages given to secure the payment of the notes, were on land in Illinois, and the makers of the notes reside there, as he (Lewis) was informed. The amount due to him (Lewis) from Blanchard, and for which he held the notes as security, at the time of service of process on him, was $60. Afterwards, Levi J. Merrick paid to Lewis $43, and he assigned and transferred said notes and mortgages to him, (Merrick,) subject to this garnishee suit, the sixty dollars having been reduced to forty-three dollars by payments made by Blanchard. That said notes and mortgages were assigned and transferred by instrument in writing by Blanchard to Merrick, on the 28th day of May, 1852, for a consideration, as appeared on the face of the assignment, of $354.83. The court, after argument, August 3, 1852, made an entry upon the record as follows :

"It is ordered and adjudged by the court, that the said promissory notes and mortgages, herein before described, belonged to, and were the effects and choses in action of, the said Samuel Blanchard, in the hands of the said Allison Lewis, at the time of the service of the garnishee summons upon him in this cause, and that the same were held by the said Allison Lewis for the said Samuel Blanchard, subject only to the payment of the said sum of $43, due to the said Levi J. Merrick. And it is further ordered and adjudged, that Haven Powers, esquire, counsellor at law, of the city of Milwaukee, be, and he is hereby, appointed the receiver of the said promissory notes and mortgages, and that he is hereby authorized, empowered and directed to take possession thereof, and proceed and collect the same with all convenient speed, and when

collected, to pay the said Levi J. Merrick the sum of $43.00, and that the balance remaining in his hands, or so much thereof as shall be necessary, be applied by him to the payment of the amount due the said Samuel Sercomb, for damages and costs, upon the judgment and execution in his favor, remaining in this court, against the said Samuel Blanchard and Eliphalet Baker. And it is further ordered and adjudged, that the said Allison Lewis, garnishee as aforesaid, do forthwith, on the production to him of a copy of this order, deliver over to the said Haven Powers, receiver as aforesaid, said promissory notes and mortgages, and that he execute to said receiver such assignment or assignments thereof as shall be necessary to transfer the same, and all his interest therein, or title thereto, to said receiver. And it is further ordered, that the said receiver, before entering upon his duties as such receiver, execute and file in this court, security for the performance of his duties, in a bond in the penal sum of $500, with two sufficient sureties, to be approved by the court."

To reverse this judgment or order, this writ of error is brought.

The following are the errors assigned:

1. The court below erred in rendering judgment against said Allison Lewis, as garnishee.

2. The court below erred in subjecting the choses in action, in the hands of the said Lewis, to the payment of the debt of Blanchard.

3. The court below erred in appointing a receiver.

4. The court below had no jurisdiction over said Lewis and the choses in action in his hands, and erred in assuming such jurisdiction.

JUNE TERM,
1853,

Noss
vs.
Cord and
Southwell.

*J. Downer*, for the plaintiff in error.

*First.* County Courts have no right to issue executions with a garnishee claim in them, and have no jurisdiction over garnishees on execution. *Rev. Stat.* *chap.* 102, § 118, *chap.* 86, § 9, § 5.

*Second.* If the County Court had jurisdiction in this case, it ought not to have entered the order it did, without having Blanchard and Baker also summoned, and having their disclosure. *R. S., chap.* 102, § 121.

*Third.* The promissory notes not being due at the time of the service of garnishee process, could not be attached or reached by that process. This, we understand, has been decided by this court.

*H. L. Palmer*, for the defendant in error, did not appear to argue the case.

*H. S. Orton*, for the defendant in error.

*By the Court*, CRAWFORD, J. The defendant in error in this case having obtained judgment in the County Court of Milwaukee county, against Samuel Blanchard and Eliphalet Baker, sued out of said court a writ of execution, with " a claim of attachment" inserted therein ; by virtue of which writ, the plaintiff in error was summoned to appear in said County Court as garnishee of the defendants named in the writ of execution. The plaintiff in error appeared in the County Court, and made answer under oath as garnishee, and thereupon the court entered an order, declaring certain notes and mortgages in the hands of the plaintiff in error, to be the property of the defendant, Samuel Blanchard, and appointing a receiver to take charge of, and collect said promis-

June Term,
1853.

Noss
vs.
Cord and
Southwell.

sory notes, and out of the proceeds thereof, to pay the amount of the judgment and costs, recovered by the defendant in error against Blanchard and Baker, as above stated. To reverse this order the present writ of error has been sued out.

We are satisfied that the County Court had not jurisdiction in this matter. Section one hundred and eighteen of chapter one hundred and two of the Revised Statutes, vests in the Circuit Courts only, the power to issue writs of execution with " a claim of attachment" inserted therein, "*upon judgment rendered in said courts,*" and the subsequent sections of the same chapter, which empowers the court to proceed " according to the practice and authority of a Court of Chancery in cases upon creditor's bills," indicates clearly, that the County Courts were not intended to be thus clothed with the extraordinary powers and jurisdiction, which, in some cases of creditors' bills, may be necessarily called into exercise.

The County Court has a prescribed jurisdiction—it is empowered to try and determine according to law, *all civil actions* arising within the county for which such court shall be held, and all transitory actions, although the same may not have arisen within the county, when the *debt or damages* demanded do not exceed the sum of five hundred dollars, &c. The peculiar phraseology here used in conferring jurisdiction upon the County Court, excludes the possibility that it was ever intended to vest in it, any of the powers of a court of chancery. The fifth section of chapter eighty-six provides, that county courts, in order to carry out the jurisdiction given to them by law, shall have and exercise all the powers, usually possessed by courts of record *under the common law.*

JUNE TERM, 1853.

Noss
vs.
Cord and
Southwell.

The eighteenth section of this chapter gives the court power to issue writs of attachment, and to proceed thereon, in the same manner as might be pursued in the Circuit Courts, subject however, to the *limitation of jurisdiction* of the County Court ; but it must be borne in mind, that chapter one hundred and twelve, which authorizes " proceedings against debtors by attachment, in the Circuit or County Court,,' has no such provision as that which is contained in section one hundred and twenty one, of chapter . one hundred and two.

The "jurisdiction in cases properly cognizable in a court of chancery," is given to the Circuit Courts. (*R. S. Chap.* 83 § 6, *and Chap.* 84 § 1,) and it is reasonable to suppose, that the legislature intended, by expressly naming the *Circuit Courts*, to give to those tribunals only, the power to issue writs of execution containing " a claim of attachment," because those tribunals only possess the means, and instrumentalities, to entertain and dispose of the subject matter, in the manner required by the statute.

" In the courts of common law, both of England and America," says Judge Story, " there are prescribed forms of action, to which the party must resort, to furnish him a remedy, and if there be no prescribed form to reach such a case, he is remediless ; for they entertain jurisdiction only of certain actions, and give relief according to the particular exigency of such actions, and not otherwise. In those actions, *a general and unqualified judgment only, can be given, for the plaintiff or for the defendant, without any adaptation of it to particular circumstances.*" (1 *Eq. Juris.*, 26.) It would be difficult to point out in what particular form of action, of which the County Court has cogni-

JUNE TERM, 1853.

Noss
vs.
Cord and
Southwell.

zance, the order or judgment in this case can be classed.

We are sustained in denying jurisdiction of proceedings of this kind, to the County Court, by the language of the twenty-third section of chapter eighty-six : " No appeal shall be made or allowed of any cause tried or determined by a County Court, except in probate cases, but in all cases of *judgment* rendered in such courts, either party thinking himself aggrieved or injured by such judgment, may remove the same, *by writ of error*, to the Supreme Court."

Now, the return in this case brings before us, not *a judgment* in favor of one party, and against another, for *a debt or damages*, but an order which partakes of the nature of an interlocutory decree or order in chancery. If the court below had jurisdiction of the matter there, then we cannot entertain this case here, because there is no judgment, to reverse which a writ of error might properly be brought, and there is no provision made for an appeal in such cases from the County Court ; but if, as we believe, there was not jurisdiction in that court, we have acquired none, and this writ of error must therefore be dismissed.